**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**PATRICK CANTRELL SR.**                                          **PLAINTIFF**
Reg. #22630-075

**v.**                              **No: 2:18-cv-00035 DPM-PSH**

**MICHELLE WINGO, *et al.***                              **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United

States District Judge D.P. Marshall Jr. You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the factual

and/or legal basis for your objection, and (2) be received by the Clerk of this Court within

fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to

appeal questions of fact.

## DISPOSITION

### I.  Introduction

Plaintiff Patrick Cantrell filed a *pro se* complaint on February 26, 2018,[1] while

incarcerated at the Forrest City Federal Correctional Institute ("FCC – Forrest City") (Doc.

No. 1).  Cantrell sues Michelle Wingo, Physician's Assistant, FCC –Forrest City; Brenda

---

[1] The case was originally filed in the District of Columbia, but was subsequently transferred to
the Eastern District of Arkansas.

Hoy, Assistant Health Services Administrator, FCC – Forrest City; Gene Beasley, Warden, FCC – Forrest City; D.J. Harmon, Acting Regional Director, South Central Regional Office; and Dr. Sheila Stinson-Woodard.  Cantrell's complaint is brought pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("Bivens")*.*  A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights.  In this case, Cantrell complains about his medical treatment, or lack thereof, related to a kidney condition.

Defendants Wingo, Hoy, Beasley, and Harmon filed a motion for summary judgment, a brief in support, and a statement of facts, claiming that Cantrell had not exhausted his claims against them before he filed this lawsuit (Doc. Nos. 20-23). Defendant Dr. Woodard also filed a motion for summary judgment, a brief in support, and a statement of facts, claiming that Cantrell had not exhausted his claims against her before he filed this lawsuit (Doc. Nos. 33-36).  Cantrell filed responses to both motions (Doc. Nos. 24 & 39).  The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to summary judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the

court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Defendants assert that they are entitled to summary judgment because Cantrell failed to exhaust his administrative remedies before he filed this lawsuit. In support of

their motions, defendants submit the declaration of Susan Gaither-Miller, the Associate Warden's secretary at the FCC – Forrest City; a copy of public information regarding Cantrell that is maintained in the Bureau of Prison's SENTRY computer program; and Cantrell's administrative remedy records maintained in the SENTRY program (Doc. Nos. 22-1 & 35-1).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 218.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*.

The Bureau of Prisons (BOP) has a three-tiered administrative procedure for inmate grievances which is codified at 28 C.F.R. §§ 542.10 – 542.19.  Inmates must first attempt to resolve their grievance or complaint informally with prison staff.  28 C.F.R. § 541.13(a). If that attempt is unsuccessful, the inmate must submit a Request for Administrative Remedy to the Warden at the local institutional level.  28 C.F.R. § 542.14(a).  If the inmate is not satisfied with the Warden's response, the inmate must appeal to the Regional Director

within 20 days of the Warden's response, and, in turn, to the Office of the General Counsel, Bureau of Prisons, Washington, D.C. (the "Central Office"), within 30 days of the Regional Director's response. 28 C.F.R. § 542.15(a). The Regional Director has 30 days to respond to an appeal and the Central Office has 40 days to respond to an appeal. 28 C.F.R. § 542.18. The administrative remedy process for a grievance is not deemed exhausted unless it has been properly presented and denied at all three levels. *See e.g., Marlin v. Raper*, 2007 WL 779710, *3 (E.D. Ark. 2007). All administrative remedy requests from each institution, the Regional Office, and the Office of General Counsel of the Bureau of Prisons have been recorded and maintained in the SENTRY computer system. Doc. No. 22-1 at ¶ 5.

The affidavit of Ms. Gaither-Miller states that Cantrell filed two administrative remedy requests while in Bureau of Prisons custody.[2] *Id.* SENTRY records show that Cantrell filed Administrative Remedy Request 901468-F1 at FCC – Forrest City on May 10, 2017, requesting 90 – 180 day regular testing of kidney function related to his kidney condition. Doc. No. 22-1 at ¶ 6, 8. The Warden provided Cantrell with a response on May 19, 2017. *Id*. Cantrell appealed the Warden's response to the South Central Regional Office on June 5, 2017. Doc. No. 22-1 at ¶ 7, 9. The Regional Director responded to

---

[2] The SENTRY records indicate that the first administrative remedy request was numbered 901468-F1, and the second administrative remedy request was numbered 901468-R1. *See* Doc. No. 22-1 at 10. The defendants' statement of facts explains that an administrative remedy request is entered into the SENTRY system at the institutional level and given an ID number followed by the suffix F1. *See* Doc. No. 22 at 2. On appeal to the Regional Director, the appeal is assigned the same ID number with the suffix R1. *Id.* Cantrell does not dispute those statements of fact or maintain that he filed another administrative remedy request at the institutional level. *See* Doc. Nos. 24 & 39. Accordingly, the Court concludes that Cantrell did not file two separate administrative remedy requests at the institutional level, but filed one which he then appealed.

901468-R1 on June 28, 2017.  *Id.*  There is no record of Cantrell appealing the Regional Director's response to the Central Office.  Doc. No. 22-1 at ¶ 10, 11.

Cantrell disputes only one fact asserted by the defendants.[3]  Cantrell maintains that he appealed the Regional Director's response to the Central Office.  Doc. Nos. 24 & 39. However, he submits no proof to substantiate his claims other than his own unsworn affidavit.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.").

Defendants have shown that Cantrell did not exhaust his administrative remedies before filing this lawsuit by appealing his request for an administrative remedy to the Bureau of Prisons' Central Office.  Cantrell has not provided proof to refute the evidence provided by the defendants.  Accordingly, there are no issues of material fact in dispute, and defendants are entitled to summary judgment.

## V.  Conclusion

Cantrell did not exhaust available administrative remedies before initiating this lawsuit.  Accordingly, defendants should be awarded summary judgment and Cantrell's claims against them be dismissed without prejudice.

---

[3] Because Cantrell does not dispute the other facts set forth in defendants' statements of undisputed facts, Doc. Nos. 22 & 35, they are deemed admitted.  *See* Local Rule 56.1(c).

DATED this 13th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE